16 F.3d 412
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES Of America, Plaintiff-Appellee,
v.
Elic L. GILLIAM; Rose Mary Wiggins, Claimants-Appellants,
and One Parcel of Real Property known as Gilliam Brothers
Farm Consisting of Seven Tracts, located at Route 1, Box
117, Blackwater, VA any or all appurtenances thereto, and
all proceeds from the sale thereof; $117,542.89 in United
States currency; one Mack Tractor Truck, VIN
1M1U21565CM00708, bearing Oregon License Plate F114828 and
Trailer attached thereto, VIN 1ALSF0284BS087427, and any and
all proceeds from the sale thereof; 141 acres situated in
the Powell Magisterial District of Scott County, VA; 101.5
acres situated in the Powell Magisterial District of Scott
County, VA; three tracts of real estate located in the
Powell Magisterial District of Scott County, VA, Conveyed to
Elic Gilliam, by deed dated January 4, 1989, and of record
in the clerk's office of the circuit court of Scott County,
VA, in deed book 375, page 574; three tracts of land
situated in the Powell Magisterial District of Scott County,
VA, Conveyed to Elic Lee Gilliam on August 24, 1984, and of
record in the clerk's office of the circuit court of Scott
County, VA, in deed book 342, page 383; one 1981 alloy
trailer with identification number 1AL5F0/9284BS081427; one
Honda generator with identification number AKR707; one
Yamaha 200E with identification number 24W77114632; one
Caterpillar D-6 Dozer; one John Deere, model 50 with
identification number 5011732; one white Chevrolet 60
Viking with Oregon tag F108664; one yelloe Chevrolet 61
dump truck with Oregon tag F102935; one John Deere 720 with
identification number 7212178; one Mack Truck with
identification number 1M1U215C5CM001081, Oregon tag F114828;
one John Deere 4010 with engine number 23E36228 and
identification number 401021T35343; one blue GMC Pickup,
with camper, with Oregon tag EJS-599, identification number
TCX143B8500752; one green Chevrolet custom 20 with white
camper, with Oregon tag HQC-127, identification number
CCY244Z144392; one red Massey Ferguson 135 Tractor with
identification number 9AT72536; one Ceterpillar D-6 Dozer
with moserial number; one John Deere 4020 with cab, Type
T213R, identification number G022587; one John Deere 60
tractor with any fork, identification number G022587; one
light blue Chevrolet Silverado, identification number
CKY145F361563, with Virginia tag F34821; one red Chevy
Truck, with Tennessee tag 23F92-M exp. 98, identification
number 95WL1134; one 1980 Harley Davidson Motorcycle,
Identification Number 36419320J0; one 1985 Harley Davidson
Motorcycle, Identification number 1HD1DBL10FY5017; one John
Deere Haybaler, Defendants.
 No. 92-1211.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 6, 1993.
Decided Jan. 26, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Glen M. Williams, Senior District Judge. (CA-90-34-B, CA-91-51-B)
 Elic L. Gilliam, Rose Mary Wiggins, appellants pro se.
 Jerry Walter Kilgore, Sp. Asst. U.S. Atty., Gate City, VA, for appellee.
 W.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before WIDENER, HALL, and PHILLIPS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Elic Gilliam and Rose Mary Wiggins appeal from the district court's order granting summary judgment in favor of the Government and forfeiting several tracts of real property, various vehicles, and cash. Elic Gilliam was convicted of conspiring to launder money, money laundering, conspiring to manufacture, distribute, and possess marijuana with intent to distribute, possessing marijuana with intent to distribute, and possessing cocaine with the intent to distribute. Wiggins is Gilliam's ex-wife and has title to several of the tracts of land at issue in the forfeiture.
 
 
 2
 Our review of the record and the district court's opinion discloses that the appeal is without merit as to Gilliam's claims. Accordingly, we affirm the forfeiture of Gilliam's property on the reasoning of the district court. United States v. Gilliam, Nos. CA-90-34-B; CA-91-51-B (W.D. Va. Jan. 30, 1992).
 
 
 3
 Wiggins challenged the forfeiture as an innocent owner of the real property listed at Deed Book 375, Pages 584, 579, 574, (the Bowling property) and Deed Book 342, Page 838, (the Jennings property).[1] Under 21 U.S.C. Sec. 881(a)(6) (1988), property cannot be forfeited if owned by someone who had no knowledge of the criminal conduct involving the property. An owner is someone with a legal or equitable interest in the property seized, and ownership for forfeiture purposes is not limited to a bona fide purchaser. United States v. 92 Buena Vista Ave., 61 U.S.L.W. 4189, 4192 (U.S.1993); United States v. 6109 Grubb Rd., 886 F.2d 618, 625 (3d Cir.1989).
 
 
 4
 Wiggins lived in Nevada during the time when the drug activity occurred, and the Government made no showing that Wiggins knew of Gilliam's illegal activity. Moreover, Wiggins submitted an affidavit asserting that she had title to the properties in question. The district court, properly relying at the time on In re One 1985 Nissan, 889 F.2d 1317, 1320 (4th Cir.1989), found that Wiggins could not prevail under the innocent owner provision of the statute because she obtained title to the property after the criminal activity began, and thus title had already vested in the Government.[2] However, in the interval since the district court's decision, the Supreme Court has held that the innocent owner provision does not require an innocent owner to have obtained her claim prior to the illegal acts. United States v. 92 Buena Vista Ave., 61 U.S.L.W. at 4192. Although Wiggins' claim is not barred by her obtaining title to the properties after the drug activity began, the record is not clear as to whether Wiggins actually has title.
 
 
 5
 The district court found Wiggins totally incredible. The only evidence in the record supporting her claim to title is an affidavit signed by Wiggins, and her testimony at the forfeiture hearing. In light of the district court's finding of lack of credibility, this showing does not clearly establish her title to the properties. Hence, we remand her claim to the district court for further proceedings to determine if Wiggins does have legal ownership of the properties in question, and if so, to order the properties returned to her under the innocent owner defense.
 
 
 6
 In conclusion, we affirm the district court's order forfeiting the property except for the four tracts of land in which Wiggins asserts ownership.[3] Regarding these properties, we vacate the district court's order of forfeiture and remand the case to the district court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 
 [1]
 The record is unclear as to which properties Wiggins has title to, and when she obtained ownership
 
 
 [2]
 Because the property was not purchased until after 1981, Wiggins could not have obtained title to the property until after Gilliam's drug activity allegedly started in 1981
 
 
 [3]
 We deny Gilliam's motion to stay the sale of the property